(No. 3979— ▮▮▮▮▮▮▮▮▮▮▮▮

CARL S. JOHNSON, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed November 12, 1946.*

CARL S. JOHNSON, pro se.

GEORGE F. BARRETT, Attorney General, for respondent.

DAMRON, J.

During the period January 5, 1944 to January 29, 1944 inclusive, the Division of Highways and the Department of Conservation purchased and received gasoline and lubricating oil of the value of $47.22 from the claimant, Carl S. Johnson, who on those dates was operating Johnson's Pure Oil Filling Station at Broadway and Benton Streets in Aurora, Illinois as per the bill of particulars filed herein and made a part of this record.

The Department of Public Works and Buildings, Division of Highways has filed a report herein dated August 16, 1946 which shows the purchases were made and goods delivered as to date, sales number, department and amount as alleged in the complaint and also shows that the invoices (sales tickets) were not presented for payment by the claimant before the appropriations and funds from which these invoices were payable had lapsed.

The complaint alleges that this claimant was inducted into the United States Military Service on January 31, 1944 and was not discharged therefrom until

February 8, 1946 and for that reason he was unable to present the vouchers before the appropriation lapsed.

This Court has repeatedly held that where materials or supplies have been properly furnished to the State, and a bill therefor has been submitted within a reasonable time, but the same was not approved and vouchered for payment before the lapse of the appropriation from which it is payable, an award for the reasonable value of the supplies will be made, where, at the time the expenses were incurred there were sufficient funds remaining unexpended in the appropriation to pay for the same.

*Rock Island Sand & Gravel Co.* vs. *State,* 8 C. C. R. 165; *Oak Park Hospital* vs. *State,* 11 C. C. R. 219; *Yourtee-Roberts Sand Co.* vs. *State,* 14 C. C. R. 124.

This case comes within the rule above set forth.

An award is therefore entered in favor of claimant for the sum of $47.22.